[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10234

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WHITNEY ADWAN MACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:20-cr-00104-DHB-BKE-1

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

In March 2020, Congress enacted The Coronavirus Aid, Relief, and Economic Securities ("CARES") Act to help mitigate the economic effects of the coronavirus pandemic. In relevant part, the Act authorized the U.S. Small Business Administration to dispense billions of dollars in Economic Injury Disaster Loans to eligible small businesses. Whitney Mack submitted several applications for these funds, four of which contained financial misrepresentations and other fraudulent information. After obtaining a loan for $150,000, Mack gave some money to her boyfriend and spent some on a personal trip to Miami. The government indicted Mack, and she pleaded guilty to one count of federal wire fraud, which carried a maximum sentence of twenty years' imprisonment. At sentencing, the district court denied the government's motion for downward departure under United States Sentencing Guidelines Manual § 5K1.1 and 18 U.S.C. § 3553(e) and instead varied upward from the calculated guidelines advisory range, sentencing Mack to forty-eight months' imprisonment. Mack now appeals, arguing that the district court imposed an unreasonable sentence. But the district court did not miscalculate the guidelines advisory range, and it properly weighed the particularized facts — the sentence was procedurally and substantively reasonable. Accordingly, we affirm.

## I.

We begin by rehearsing the relevant facts of this case, which are largely undisputed.

In March 2020, Congress passed the CARES Act to provide emergency financial assistance during the coronavirus pandemic. *See* Pub. L. No. 116-136, 134 Stat. 281 (2020). The Act authorized the U.S. Small Business Administration to issue Economic Injury Disaster Loans to eligible small businesses for payroll, sick leave, production costs, and other business obligations.

Around June 2020, Whitney Mack devised a scheme to fraudulently obtain these coronavirus loans. Mack submitted several loan applications with false information, including a counterfeit Internal Revenue Service document that listed a fraudulent tax identification number. She also misrepresented the gross revenue figures and employee headcounts for her "businesses." The Small Business Administration ultimately approved one of Mack's fraudulent applications and dispersed a loan for $150,000.

Mack withdrew at least $17,000 in cash, gave $5,000 to her boyfriend, and spent more than $2,000 on a personal trip to Miami. The Secret Service eventually seized $50,384.42 from Mack's bank account, but the remaining funds were never recovered.

The government indicted Mack for four counts of wire fraud under 18 U.S.C. § 1343 and two counts of misuse of a Social Security number under 42 U.S.C. § 408(a)(7)(B). Mack pleaded guilty to one count of wire fraud. As part of that deal, the government

dismissed the remaining counts and agreed to move for a downward departure under U.S.S.G. § 5K1.1 or a sentence reduction under Fed. R. Crim. P. 35 if Mack substantially assisted the government in its fraud investigation. The agreement noted that the district court could impose a sentence of up to twenty years' imprisonment but stipulated that Mack could appeal a sentence above the guidelines advisory range.

At sentencing, the government moved for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The government agreed that Mack's cooperation, which it described as "minimal," still constituted "substantial assistance" under U.S.S.G. § 5K1.1.

After reviewing the Presentence Investigation Report and hearing presentation from Mack's character witnesses, the district court adopted the report and calculated a guidelines advisory range of twelve to eighteen months' imprisonment. The district court then noted the depravity of Mack's artifice. Mack's counsel responded, and Mack herself read a personal statement. Then, considering the factors under 18 U.S.C. § 3553, the district court denied the government's motion for downward departure and sentenced Mack to forty-eight months' imprisonment. She timely appealed.

## II.

We generally review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). We review unpreserved sentencing objections for plain error. *United*

*States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). A defendant who argues for a particular sentence preserves an appellate challenge for substantive reasonableness. *See Holguin-Hernandez*, 140 S. Ct. 762, 766–67 (2020). But, absent an objection, we review a sentence's procedural reasonableness for plain error. *Vandergrift*, 754 F.3d at 1307. The party challenging the sentence bears the burden of establishing its unreasonableness. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

## III.

On appeal, Mack argues that the district court improperly departed upward from the Guidelines and imposed an unreasonable sentence. We disagree.

### A.    *Procedural Reasonableness*

When reviewing the reasonableness of an imposed sentence, we first ensure procedural reasonableness. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).

Both Mack and the government acknowledge that we should review the district court's decision for abuse of discretion. But because Mack never objected to the district court's sentence, we should review the procedural reasonableness of the sentence for plain error. *See Vandergrift*, 754 F.3d at 1307; *United States v. Joyner*, 899 F.3d 1199, 1207 (11th Cir. 2018). Mack's objection, or lack thereof, is inconsequential, however, because the result is the same even under the more lenient abuse-of-discretion standard.

To satisfy procedural reasonableness, the district court cannot commit a serious procedural error, like miscalculating the guidelines advisory range, failing to weigh the factors under 18 U.S.C. § 3553(a), relying on "clearly erroneous facts," or providing insufficient explanation for a sentence. *See United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). Under 18 U.S.C. § 3553(a), the district court must impose a sentence "sufficient, but not greater than necessary," to reflect the offense's gravity, deter criminal conduct, "protect the public" from the defendant's future crimes, and rehabilitate the defendant. *See* 18 U.S.C. § 3553(a)(1)–(2). Importantly, the weight afforded to a particular Section 3553(a) factor is left "to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). The district court may impose an upward variance outside the guidelines advisory range when warranted. *See Gall*, 552 U.S. at 49–50; U.S.S.G. § 1B1.1. And an upward variance is procedurally reasonable when the district court "expressly note[s] that . . . the Guidelines sentence range was insufficient in light of . . . the [Section] 3353(a) factors." *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009).

Here, no such procedural missteps occurred. First, the district court carefully considered the findings from the Presentence Investigation Report, adopting them only after Mack's counsel observed that "[t]he calculations and everything appear to be correct." Second, the district court explicitly cited Section 3553(a) when delivering its sentence and emphasized that the imposed sentence, which included the upward variance, was not greater than

necessary to address the deterrence and incapacitation goals of Section 3553(a). Third, nothing in the record suggests that the district court relied on clearly erroneous facts to justify the upward variance. In fact, Mack's counsel affirmatively agreed with the report's findings, and the district court heard statements from Mack's counsel and Mack herself before issuing the sentence.

Accordingly, Mack's sentence was procedurally reasonable.

### B.    Substantive Reasonableness

The second and final step in the reasonableness inquiry involves reviewing the sentence for substantive reasonableness. *Cubero*, 754 F.3d at 892. We review the substantive reasonableness of Mack's sentence for abuse of discretion. *Holguin-Hernandez*, 140 S. Ct. at 766–67.

A sentence must be substantively reasonable "under the totality of the circumstances and in light of the" factors in Section 3553(a). *Cubero*, 754 F.3d at 892 (citation omitted). A sentence "well-below the statutory maximum" indicates substantive reasonableness. *Id.* at 898. A sentence may become substantively *unreasonable* if "it is grounded solely on one factor . . ., ignores relevant factors . . ., or balances the relevant factors in an unreasonable manner." *United States v. Rodriguez*, 34 F.4th 961, 976 (11th Cir. 2022) (quotation omitted). To vacate a sentence, we must firmly believe "that the district court committed a clear error of judgment." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

And rarely do we find sentences substantively unreasonable. *Rodriguez*, 34 F.4th at 976.

Here, the district court correctly calculated the guidelines advisory range of twelve to eighteen months' imprisonment. It then varied upward, sentencing Mack to forty-eight months' imprisonment. But we are unconvinced that a "clear error of judgment" by the district court occurred. *See Dougherty*, 754 F.3d at 1362. First, the sentence fell well below the statutory maximum of twenty years. Second, the district court grounded the upward variance on the totality of the circumstances surrounding Mack's offense, including her repeated attempts to defraud the government, her cover-up efforts, the government's inability to recover all the loaned money, and the reprehensibility of stealing funds from taxpayers during the coronavirus pandemic. Third, the district court expressly considered the factors in Section 3553(a) during sentencing, such as deterrence and imposing a sentence no greater than necessary to fit the severity of the criminal conduct. Lastly, the district court acknowledged Mack's past good works but found that twelve months' imprisonment for stealing over $100,000 was inadequate and might incentivize others to commit the same or similar crimes against the government.

Thus, Mack's sentence was substantively reasonable.

## IV.

The conviction and sentence are **AFFIRMED.**